THE STATE, CALEB WYCKOFF, EXECUTOR OF SIMON WYCKOFF, DECEASED, PROSECUTOR, v. ZACHARIAH JONES, COLLECTOR OF TAXES IN THE TOWNSHIP OF OXFORD.

1. Where, in pursuance of a will, money is invested by executors on bond and mortgage, conditioned for the payment of the interest annually to the widow of the deceased during her life, and for the payment of the principal, at her death, to the executors, to be by them distributed according to the directions of the will, the executors are taxable for such bond and mortgage, at the present value of the principal, computed according to the rules of the Court of Chancery.
2. If such bond and mortgage be in the custody of one of the executors, he is taxable therefor at his place of residence.

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutors, *J. G. Shipman*.

For the defendant, *De Witt Taylor*.

The opinion of the court was delivered by

DIXON, J.   Pursuant to the will of Simon Wyckoff, deceased, his executors invested $6500 on bond and mortgage of lands in Oxford township, Warren county, by which the interest of that sum was secured to be paid to his widow,

Sarah Wyckoff, during her life, in lieu of her dower, and the principal was secured to be paid to his executors at her death, to be by them distributed according to the directions of the will. The bond and mortgage are held by Caleb Wyckoff, one of the executors, who resides in the township of Oxford, and they were taxed as personal property in his hands as executor, at a valuation of $6500, by the authorities of that township.

The only question raised in the case is as to the liability of the executor to taxation for such property, the prosecutor insisting that the only person taxable is the widow, to the extent of the interest due.

These securities seem to me to represent two funds: one the property of the widow, which consists of her right to have the interest annually during her life, and the other, the property of the executors, and consisting of their right to have the principal at her death. Were it not for decided cases, I should be inclined to hold that each of these funds is a "debt owing from a solvent debtor," and taxable as such under the fourth section of the supplement to the tax act, approved April 11th, 1866, (*Nix. Dig.* 951,) and that the full and actual value of such debts, at which they are to be taxed under the second section of that supplement, must be ascertained by the means usually employed by our courts for determining such values. I cannot see how the moneys secured by this bond are any the less a *debt*, or any the less *owing*, than they would be if secured to be paid to but one person; the amount and force of obligations on the part of the bondsman are precisely the same, and as rights and duties are correlative, the interests of the obligees must also be equivalent. Indisputably, if the principal and interest were payable to but one person, that person would be assessable under our tax laws for $6500, as the present legal value of the interest of that sum payable annually to him during the life of A, and the principal of it payable to him on the death of A, and my judgment would be that, in the present case, these two obligees, the widow and the executor, are charge-

able with taxation upon funds equivalent in their present value to that sum, $6500. Such funds are, I think, ascertainable through the tables of mortality with as much accuracy as is the value of a horse, and are often so determined in our courts when more important judgments than the amount of taxation depend upon them. But as to the fund that represents the interest, the cases decided in this court have reached a different conclusion. In *State, Howell, pros.,* v. *Cornell,* 2 *Vroom* 374, and *State, Hill, pros.,* v. *Hansom,* 7 *Vroom* 50, it was decided that the tax could be imposed only on the sum actually due at the time of the assessment. In the former case, however, stress was laid on the fact that there was a contingency as to whether any interest would ever be payable to the annuitant beyond what, at the present time, was due, and this contingency was held to take the fund out of the class of taxable property. In the latter case, the court was probably controlled by the earlier decision, to which it was closely analogous. But, in the present case, the question is as to the taxation of the principal fund. As to this, it is certain to become payable at some time, the only contingency is as to when. The contingency, therefore, does not affect the existence of the fund, but only its value. It is clearly a *debt owing in præsenti, solvendum in futuro,* and it is owing to the executors, who alone are entitled to recover and distribute it. As such, it is assessable under the eleventh section of the supplement referred to, in the hands of the prosecutor, who has the actual possession of the bond and mortgage.

It is urged that the executors have settled the estate, and, therefore, can have no money with which to pay the taxes. That the testator has omitted to provide, or the executors have neglected to retain, the funds for paying taxes on the securities of the estate, is hardly an adequate answer to the claim that taxes should be levied and collected. If the beneficiaries under this bond will not themselves advance the taxes, the executors must resort to their lawful means for obtaining what they need.

But at what value shall this fund be taxed? The cases

already cited, which hold that the contingency affecting inter-est not yet accrued is such that the value of the interest found is only the matured interest, would seem to require that the contingency should have no effect to depreciate the taxable value of the principal, for, as the aggregate of the principal and interest funds is fixed and constant, that which does not augment the one, cannot diminish the other. But this conclu-sion would work injustice to individuals, the beneficiaries of the principal, for clearly that fund, which must lie barren as to them during the life of the widow, is not equivalent to so much money in hand, and I am not willing to extend the de-cisions mentioned beyond the points decided. The statute requires property to be taxed at its full and actual value. The recent amendments to the constitution require that it be taxed " according to its true value." The tax should, there-fore, be imposed against the executor, upon the value of the principal on the legal day of assessment, and if counsel cannot agree upon that, a commission of this court will ascertain it, using for that purpose the rules of the Court of Chancery. To that extent, the tax is affirmed ; as to the surplus, it is set aside.

No costs will be allowed to either side.